UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Plaintiff,

v.                                       CAUSE NO. 3:20-CV-799-DRL-MGG

RON NEAL,

    Defendant.

OPINION & ORDER

Kevin Chandler, a prisoner without a lawyer, filed a complaint alleging correctional officers at the Indiana State Prison damaged and destroyed his property. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Johnson alleges that when he was placed in lock up on April 26, 2020, his property was taken from him by correctional officers. ECF 1 at 1. When it was returned to him on May 18, 2020, he says much of it was damaged or missing. *Id*. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional

depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees. These state laws provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, the alleged damage and destruction of his property does not present a federal claim.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). An amendment would be futile here because the loss of property does not violate the Fourteenth Amendment when the state has provided a post-deprivation remedy, as it has here. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED.

November 13, 2020                               *Damon R. Leichty*
                                                Judge, United States District Court